# EXHIBIT A

{01732159.DOCX}

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Johnny L. Griffin, III (SBN 118694); Law Offices of Johnny L. Griffin III
1010 F Street, Suite 200, Sacramento, CA 95814

TELEPHONE NO.: 916-444-5557   FAX NO. *(Optional):*
E-MAIL ADDRESS: jgriffin@johnnygriffinlaw.com
ATTORNEY FOR *(Name):* Booker Cook

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO
STREET ADDRESS: 720 9th Street
MAILING ADDRESS:
CITY AND ZIP CODE: Sacramento 95814
BRANCH NAME: Schaber Courthouse

CASE NAME:
Booker Cook v. California State University, Sacramento, et al.

**FOR COURT USE ONLY**

Superior Court Of California,
Sacramento
10/14/2022
erubiodelrio
By ............................ , Deputy
Case Number:
34-2022-00328431

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] Unlimited  [ ] Limited | [ ] Counter   [ ] Joinder | |
| (Amount demanded exceeds $25,000)  (Amount demanded is $25,000 or less) | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: <br> DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[x] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is   [x] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties      d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve      e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence      f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief c. [x] punitive
4. Number of causes of action *(specify):* 8 (race discrimination; age discrimination; harassment; negligent hiring/supervision)
5. This case [ ] is   [x] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: October 14, 2022
Johnny L. Griffin, III
_____
(TYPE OR PRINT NAME)                                      (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

# EXHIBIT B

FILED
Superior Court Of California, Sacramento
10/14/2022
erubiodelrio
By_____, Deputy
Case Number:
34-2022-00328431

**LAW OFFICES OF JOHNNY L. GRIFFIN III**
**JOHNNY L. GRIFFIN, III** (SBN 118694)
**MANOLO OLASO** (SBN 195629)
1010 F Street, Suite 200
Sacramento, California 95814
Telephone: (916) 444-5557
Fax: (916) 444-5558

Attorneys for Plaintiff BOOKER COOK

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF SACRAMENTO

## UNLIMITED CIVIL CASE

| | |
|---|---|
| BOOKER COOK, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CALIFORNIA STATE UNIVERSITY, SACRAMENTO; STATE OF CALIFORNIA; ELVIA RAMIREZ, an individual; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR EMPLOYMENT DISCRIMINATION**<br><br>1. Racial discrimination/harassment (Title VII)<br>2. Racial discrimination/harassment (California FEHA)<br>3. Failure to Prevent Racial Discrimination/Harassment (Cal. FEHA; Govt. Code §12940 (k))<br>4. Age Discrimination/Harassment/Retaliation (ADEA; 29 U.S.C. §621, *et seq.*)<br>5. Age Discrimination/Retaliation (Cal. FEHA; Govt. Code §12940 (a) and (h))<br>6. Harassment because of Age (Cal. FEHA; Govt. Code §12940 (j)(1))<br>7. Failure to Prevent Age Discrimination/Harassment (Cal. FEHA; Govt. Code §12940 (k))<br>8. Negligent Hiring, Supervision, Training, and Retention<br><br>**DEMAND FOR JURY TRIAL** |

Law Offices of Johnny L. Griffin III
1010 F Street, Suite 200, Sacramento, CA 95814
(916) 444-5557
www.johnnygriffinlaw.com

Complaint for Employment Discrimination
Booker Cook v. California State University, Sacramento, et al.

1

The Plaintiff complains and alleges as follows:

## I. JURISDICTION/VENUE

1. This Complaint seeks, inter alia, damages that exceed $50,000.00 and is based upon events, acts, and/or omissions that occurred within the County of Sacramento. This is an unlimited civil case. Jurisdiction and venue is thus proper in the Superior Court of California for the County of Sacramento.

## II. PARTIES

2. Plaintiff BOOKER COOK is an adult male. At all times described herein, he was an employee with the CALIFORNIA STATE UNIVERSITY, SACRAMENTO and STATE OF CALIFORNIA, within the meaning of Title VII of the 1964 Civil Rights Act (42 U.S.C. section 2000e et seq.), the Age Discrimination in Employment Act (29 U.S.C. §§621-634), and California's Fair Employment and Housing Act (Cal. Govt. Code section 12900 et seq.), and working within the course and scope of his employment.

3. Defendant CALIFORNIA STATE UNIVERSITY, SACRAMENTO (CSUS) is a California public entity (university) that operates a campus Sacramento, California, and offers undergraduate and graduates degrees. CSUS employs in excess of 4,000 employees. At all times described herein, CSUS is an employer within the meaning of Title VII of the 1964 Civil Rights Act (42 U.S.C. section 2000e et seq.), the Age Discrimination in Employment Act (29 U.S.C. §§621-634), and California's Fair Employment and Housing Act (Cal. Govt. Code section 12900 et seq.).

4. Defendant STATE OF CALIFORNIA is part of the United States of America and is an entity that may be sued in Superior Court. At all times described herein, the STATE OF CALIFORNIA was an employer within the meaning of Title VII of the 1964 Civil Rights

Law Offices of Johnny L. Griffin III
1010 F Street, Suite 200, Sacramento, CA 95814
(916) 444-5557
www.johnnygriffinlaw.com

Complaint for Employment Discrimination
Booker Cook v. California State University, Sacramento, et al.

2

Act (42 U.S.C. section 2000e et seq.), the Age Discrimination in Employment Act (29 U.S.C. §§621-634), and California's Fair Employment and Housing Act (Cal. Govt. Code section 12900 et seq.).

5. Defendant ELVIA RAMIREZ is an adult female. At all times described herein, she was an employee with CSUS, within the meaning of Title VII of the 1964 Civil Rights Act (42 U.S.C. section 2000e et seq.), the Age Discrimination in Employment Act (29 U.S.C. §§621-634), and California's Fair Employment and Housing Act (Cal. Govt. Code section 12900 et seq.), and working within the course and scope of employment. She is sued in her official capacity and in her individual capacity.

6. The true names and identities of defendants DOES 1 through 50 are presently unknown to Plaintiff. Plaintiff hereby uses the fictitious name DOE to designate these defendants. Plaintiff alleges that the DOE defendants, and each of them, is legally responsible for the incident, injuries and damages set forth here, and that each of said DOE defendants proximately caused said incident, injuries and damages by reason of their negligence, breach of duty, negligent supervision, management or control or by reason of other personal, vicarious or imputed negligence, fault, or breach of duty, whether based upon agency, employment, or control, whether severally or jointly, or upon any other act or omission. Plaintiff will seek to amend this complaint as soon as the true names and identities of the DOE defendants have been ascertained.

7. Each of the defendants, including DOES 1 through 50, caused, and is legally responsible for, the incident, unlawful conduct, injuries and damages alleged herein by personally participating in the unlawful conduct, or acting jointly or conspiring with others to act, by authorizing or allowing, explicitly or implicitly, acts or omissions that led to the unlawful

Law Offices of Johnny L. Griffin III
1010 F Street, Suite 200, Sacramento, CA 95814
(916) 444-5557
www.johnnygriffinlaw.com

Complaint for Employment Discrimination
Booker Cook v. California State University, Sacramento, et al.

3

conduct, by failing to take action to prevent the unlawful conduct, and by ratifying the unlawful conduct that occurred.

8. Plaintiff is informed and believes and thereon alleges that at all times mentioned in this complaint, defendants, and each of them, were the agents, employees, servants, joint ventures, partners and/or co-conspirators of the other defendants named in this complaint and that at all times, each of the defendants were acting within the course and scope of said relationship with other defendants.

## III. EXHAUSTION OF ADMINISTRATIVE REMEDIES

9. Under California Government Code §815.2, subd. (a), CSUS and the STATE OF CALIFORNIA are vicariously liable for injuries proximately caused by the acts and/or omissions of its employees. Under California Government Code §820, subd. (a), the individual(s) sued here is/are liable for injuries caused by their acts and/or omissions to the same extent as a private person.

10. The CSUS Office for Equal Opportunity (OEO) offers an internal grievance procedure for employees complaining about race and age discrimination. The internal grievance procedure includes assignment of an investigator, witness interviews, a written fact-finding process, and reply and appeal process. The internal grievance procedure is designed to provide relief to a complainant by eliminating discrimination from the complainant's workplace. On or about August 23, 2021, Booker Cook, filed a complaint with the OEO complaining of the same race and age discrimination, harassment, and retaliation alleged here. The OEO opened an investigation, which included taking statements from witnesses. In a May 10, 2022, notice of right to appeal, the OEO advised Booker Cook that it had found no violation, and that he had a right to appeal to the California State University Office of the Chancellor.

Law Offices of Johnny L. Griffin III
1010 F Street, Suite 200, Sacramento, CA 95814
(916) 444-5557
www.johnnygriffinlaw.com

Complaint for Employment Discrimination
Booker Cook v. California State University, Sacramento, et al.

4

On or about May 23, 2022, Booker Cook submitted his appeal. On or about June 13, 2022, the Office of the Chancellor advised Booker Cook that his appeal submission was dismissed.

11. Plaintiff dual-filed a complaint with the Equal Employment Opportunity Commission (EEOC) and the California Department of Fair Employment and Housing (DFEH) on or about July 20, 2022 alleging race and age discrimination. On or about July 21, 2022, plaintiff received notices of right to sue from both the EEOC and the DFEH.

## IV. FACTUAL ALLEGATIONS

12. The plaintiff, Booker Cook (Cook) is a 72 year-old African American man who is currently employed as a lecturer with the CSUS Ethnic Studies Department (the Department). The Department is part of the CSUS College of Social Sciences and Interdisciplinary Studies. The Department includes a number of programs and areas of study including Ethnic Studies, Pan African Studies, Native American Studies, ChicanX/LatinX Studies, and Asian American Studies. Cook has been a lecturer at CSUS in Ethnic Studies since August 23, 2017. He holds a master's degree in Ethnic Studies, and in December 2020 he earned a doctorate in Educational Leadership and Policy Studies.

13. Elvia Ramirez (Ramirez) is a tenured professor at CSUS, in the Ethnic Studies Department, and is the Director of the ChicanX/Latinx Studies Program. Ramirez engaged in a pattern of harassment against Cook that turned his work environment hostile on the basis of race and age.

### Allegations regarding Hostile Work Environment (Race and Age)

14. For example, in November 2019, at a Department faculty meeting, Cook overheard Ramirez say Cook's name and ask the former Department Chair, Boatamo Mosupyoe (Mosupyoe) why they hired that "old, Black man" who did not represent the student body. Ramirez

Complaint for Employment Discrimination
Booker Cook v. California State University, Sacramento, et al.

5

Law Offices of Johnny L. Griffin III
1010 F Street, Suite 200, Sacramento, CA 95814
(916) 444-5557
www.johnnygriffinlaw.com

complained that they should not be hiring all of these Black men, especially an old one like Cook. Ramirez's purpose in making these comment was to undermine Cook and to subject him to contempt and ridicule in the eyes of the Department Chair. Ramirez's motivation was her bias against Cook's race and age.[1] Immediately after hearing Ramirez's comment, Cook asked Mosupyoe to explain why Ramirez talked about him like that. Mosupyoe declined to talk about it.

15. In another example, on October 30, 2020, Ramirez harassed Cook because of his race and age by questioning his motives in engaging in a discussion with other California State University faculty regarding the implementation of a recently passed legislative initiative.

16. Specifically, in an email to the CSUS Department of Ethnic Studies Chair, Annette Reed, Ramirez called for a Department-wide discussion of Cook's comments that were allegedly biased. Ramirez's purpose in sending the email was to undermine Cook in the eyes of the Department Chair and to subject him to contempt, ridicule, and possible discipline.

17. Ramirez knew that the Department Chair was Cook's supervisor, and could also potentially serve as Cook's evaluator when it came time to promote or hire. In other words, Ramirez wanted Reed to view Cook in a negative light in order to impair his reputation and harm his promotion ability. Ramirez sent the email to negatively affect Cook because of her bias against his race and age.

18. On November 3, 2020, Cook filed a complaint against Ramirez with the CSUS Office of Equal Opportunity. Cook complained that Ramirez was discriminating against him and

---

[1] On February 21, 2021, Cook filed a complaint against Ramirez with the CSUS Office of Equal Opportunity complaining about the November 2019 incident in which Ramirez called Cook an "old, Black man" that should not be hired. Cook also referred to the October 30, 2020 email that Ramirez sent to Chair Annette Reed in which she singled out Cook.

Law Offices of Johnny L. Griffin III
1010 F Street, Suite 200, Sacramento, CA 95814
(916) 444-5557
www.johnnygriffinlaw.com

Complaint for Employment Discrimination
Booker Cook v. California State University, Sacramento, et al.

6

harassing because of his race and age.  Cook cited to Ramirez's October 30, 2020 email to Department Chair Reed as an example.  Cook referenced Ramirez's November 2019 comments about him being hired as a Black lecturer who does not represent the student body.  Cook also cited instances of Ramirez's hostility towards Black people: Ramirez criticized the Department for hiring too many Black faculty; Ramirez treats Black faculty with hostility because of race.

19. On February 21, 2021, Cook filed another complaint against Ramirez with the CSUS Office of Equal Opportunity complaining that she was discriminating against him and harassing him because of his race and age and cited her email to the Department Chair and her comment that he was spewing hatred.

**Allegations regarding Discrimination and Retaliation (Race and Age)**

20. In August 2020, California Assembly Bill 1460 (AB 1460) was signed into law.  It requires all California State University undergraduates to take one 3-unit course in Ethnic Studies in order to graduate.  Qualifying courses include Native American Studies, African American Studies, Asian American Studies, and ChicanX/LatinX Studies.

21. At CSUS, after AB 1460 passed, the Department announced that two tenure-track positions would be hired, one for Pan African Studies (PAS) and one for Asian American Studies (AAS).  This announcement was made in December 2020 in a Department faculty Zoom (online) meeting.

22. A five-member PAS faculty search committee was formed via election.  The members included the following: search committee Chair Ricky Green (Director of PAS), Andrea Moore, Brian Baker (Director of Native American Studies), Julie Figueroa, and Annette Reed (Chair of the Department).  Julie Figueroa withdrew from the committee for personal reasons after the committee had already drafted the job description, minimum job

Law Offices of Johnny L. Griffin III
1010 F Street, Suite 200, Sacramento, CA 95814
(916) 444-5557
www.johnnygriffinlaw.com

Complaint for Employment Discrimination
Booker Cook v. California State University, Sacramento, et al.

7

qualifications, and preferred job qualifications. CSUS and STATE OF CALIFORNIA delegated its hiring authority to this search committee. When the committee rejected a candidate, they did so on behalf of CSUS and the STATE OF CALIFORNIA, pursuant to the grant of authority.

23. After Julie Figueroa stepped down, Ramirez insisted that she be placed on the search committee. Ramirez's motivation in joining the search committee was to have a hand in preventing the hiring of old, Black men, like Cook. In addition, because it was common for existing lecturers to apply for tenure-track faculty positions, Ramirez knew, or knew it was highly likely, that Cook would apply for the position.

24. Ramirez's motivation for getting on the search committee was to make sure Cook did not get a tenure-track faculty position. The other committee members thought it was odd that Ramirez insisted on being on the PAS search committee because a four-member search committee was still properly constituted, Ramirez was coming on after the job description and qualifications had already been written, and although Ramirez explained that the PAS search committee should have representation from the ChicanX/LatinX program, she did not express similar concerns regarding the AAS search committee. Ramirez's explanation was pre-text for her real reason: to sabotage Cook's candidacy, to retaliate against him for complaining about her past discriminatory conduct, and to prevent other old, Black men from getting hired.

25. Cook submitted his application to the search committee for the tenure-track professorship in the Pan African Studies Program in February 2021. He had already been a lecturer in Pan African Studies courses when he submitted his application. The search committee, upon receiving Cook's application was already aware that Cook had complained of Ramirez's discrimination and harassment of him because of his race and age. The search committee

Law Offices of Johnny L. Griffin III
1010 F Street, Suite 200, Sacramento, CA 95814
(916) 444-5557
www.johnnygriffinlaw.com

Complaint for Employment Discrimination
Booker Cook v. California State University, Sacramento, et al.

8

did not ask Ramirez to recuse herself from considering Cook's candidacy.  There were no procedural rules to guide the search committee on how to handle recusals.

26. The search committee fielded applications from 40 applicants for the professorship in PAS. Each committee member rated each applicant in eight categories.

27. Then, in March 2021, in an online committee meeting, each member brought their top candidates list with them and compared their lists.  Some members had a list of six candidates; others had a list of eight.  Ramirez had a list of ten.  Cook was a top candidate on everyone's list except Ramirez's.  Cook was not a top candidate on Ramirez's list because of her bias against him because of his race and age, and not because he did not deserve a high rating.

28. The other committee members (Green, Baker, Moore, Reed) had rated Cook highly and had placed his name on their respective top candidates list.  These members were surprised that Ramirez had not included Cook on her top candidates list.  Despite high ratings, Cook was not chosen to participate in an interview.  The search committee chair, Ricky Green, reasoned that because Cook did not appear on everyone's top list, he was not offered an interview.

29. Had Cook appeared on everyone's top list, Green reasoned, he would have been granted an interview.  In other words, but for Ramirez's failure to put Cook's name on her top candidates list, Cook would have been allowed to continue competing for the job in an interview.

30. Instead of putting Cook's name on the interview list, the committee decided to put his name on an alternate list which would be used in the event one of the top candidates withdrew from the interview process.  One or more search committee members was influenced by Ramirez's race and age bias to avoid putting Cook's name on their top candidates list because Ramirez could later become their evaluator if they became candidates for a full

Law Offices of Johnny L. Griffin III
1010 F Street, Suite 200, Sacramento, CA 95814
(916) 444-5557
www.johnnygriffinlaw.com

Complaint for Employment Discrimination
Booker Cook v. California State University, Sacramento, et al.

9

professor position. In other words, to appease Ramirez for fear of drawing her retaliation if they submitted their candidacy for a full professorship, one or more search committee members allowed Ramirez's race and age bias against Cook to influence their decision to not offer Cook an interview, or demand Ramirez's recusal from consideration of Cook's candidacy.

## V. CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### Racial Discrimination/Harassment
(Title VII of the 1964 Civil Rights Act; 42 U.S.C. 2000e, et seq.)
(Against Defendants CALIFORNIA STATE UNIVERSITY, SACRAMENTO, STATE OF CALIFORNIA, and DOE defendants)

31. COOK re-alleges paragraphs 1 through 30 and incorporates them by reference as though fully set forth herein.

32. The acts and/or omissions of the Defendants alleged herein, including failure to offer him an interview and the creation and maintenance of a racially hostile work environment which constitutes racial discrimination in violation of COOK'S rights under Title VII of the 1964 Civil Rights Acts (42 U.S.C. §§2000e, et seq.).

33. As a direct and proximate result of the Defendants' acts or omissions, COOK suffered damages including, but not limited to, damage to professional reputation, emotional distress, humiliation, and mental anguish. COOK is also entitled to an award for attorneys' fees.

### SECOND CLAIM FOR RELIEF
### Racial discrimination/harassment
(California Fair Employment and Housing Act (FEHA); Govt. Code §12900, et seq.)
(Against Defendants CALIFORNIA STATE UNIVERSITY, SACRAMENTO, STATE OF CALIFORNIA, and DOE defendants)

34. COOK re-alleges paragraphs 1 through 30 and incorporates them by reference as though fully set forth herein.

35. The acts and/or omissions of the Defendants alleged herein, including failure to offer him an

Law Offices of johnny L. Griffin III
1010 F Street, Suite 200; Sacramento, CA 95814
(916) 444-5557
www.johnnygriffinlaw.com

Complaint for Employment Discrimination
Booker Cook v. California State University, Sacramento, et al.

10

interview and the creation and maintenance of a racially hostile work environment which

constitutes racial discrimination in violation of COOK'S rights under the California Fair

Employment and Housing Act (Govt. Code §12900, et seq.).

36. As a direct and proximate result of the Defendants' acts or omissions, COOK suffered

damages including, but not limited to, damage to professional reputation, emotional distress,

humiliation, and mental anguish.  COOK is also entitled to an award for attorneys' fees.

## THIRD CLAIM FOR RELIEF
### Failure to Prevent Racial Discrimination/Harassment
(California Fair Employment and Housing Act (FEHA); Govt. Code §12940 (k))
(Against Defendants CALIFORNIA STATE UNIVERSITY, SACRAMENTO, STATE OF
CALIFORNIA, and DOE defendants)

37. COOK re-alleges paragraphs 1 through 30 and incorporates them by reference as though

fully set forth herein.

38. The Defendants failed to take all reasonable steps necessary to prevent racial discrimination

and harassment.

39. As a direct and proximate result of the Defendants' acts or omissions, COOK suffered

damages including, but not limited to, damage to professional reputation, emotional distress,

humiliation, and mental anguish.  COOK is also entitled to an award for attorneys' fees.

## FOURTH CLAIM FOR RELIEF
### Age Discrimination/Harassment/Retaliation
(Age Discrimination in Employment Act (ADEA); 29 U.S.C. §621, *et seq.*)
(Against Defendants CALIFORNIA STATE UNIVERSITY, SACRAMENTO, STATE OF
CALIFORNIA, and DOE defendants)

40. COOK re-alleges paragraphs 1 through 30 and incorporates them by reference as though

fully set forth herein.

41. The acts and/or omissions of the Defendants alleged herein created and maintained a

racially hostile work environment which constitutes racial discrimination and retaliation in

Law Offices of Johnny L. Griffin III
1010 F Street, Suite 200; Sacramento, CA 95814
(916) 444-5557
www.johnnygriffinlaw.com

1  violation of COOK'S rights under Title VII of the 1964 Civil Rights Acts (42 U.S.C.

2  §§2000e, et seq.).

3  42. As a direct and proximate result of the Defendants' acts or omissions, COOK suffered

4  damages including, but not limited to, damage to professional reputation, emotional distress,

5  humiliation, and mental anguish.  COOK is also entitled to an award for attorneys' fees.

6
7
8
9

### FIFTH CLAIM FOR RELIEF
### Age Discrimination/Retaliation
(California Fair Employment and Housing Act (FEHA); Govt. Code §12940 (a) and (h))
(Against Defendants CALIFORNIA STATE UNIVERSITY, SACRAMENTO, STATE OF
CALIFORNIA, and DOE defendants)

10  43. COOK re-alleges paragraphs 1 through 30 and incorporates them by reference as though

11  fully set forth herein.

12  44. The Defendants intentionally discriminated and retaliated against COOK because of his age,

13  COOK'S failure to advance in the professor selection process occurred despite him being

14  well-qualified for the job.

15  45. As a direct and proximate result of the Defendants' acts or omissions, COOK suffered

16  damages including, but not limited to, damage to professional reputation, emotional distress,

17  humiliation, and mental anguish.  COOK is also entitled to an award for attorneys' fees.

18
19
20

### SIXTH CLAIM FOR RELIEF
### Harassment because of Race and Age
(California Fair Employment and Housing Act (FEHA); Govt. Code §12940 (j)(1))
(Against all Defendants and DOE defendants)

21  46. COOK re-alleges paragraphs 1 through 30 and incorporates them by reference as though

22  fully set forth herein.

23  47. RAMIREZ, individually and officially on behalf of CSUS and the STATE OF

24  CALIFORNIA, intentionally harassed COOK because of his race and age. COOK's work

25  environment was permanently altered and became hostile.

Law Offices of Johnny L. Griffin III
1010 F Street, Suite 200; Sacramento, CA 95814
(916) 444-5557
www.johnnygriffinlaw.com

Complaint for Employment Discrimination
Booker Cook v. California State University, Sacramento, et al.

12

48. As a direct and proximate result of harassment, COOK suffered damages including, but not limited to, damage to professional reputation, emotional distress, humiliation, mental anguish, and punitive damages. COOK is also entitled to an award for attorneys' fees.

### SEVENTH CLAIM FOR RELIEF
### Failure to Prevent Racial Discrimination/Harassment
(California Fair Employment and Housing Act (FEHA); Govt. Code §12940 (k))
(Against Defendants CALIFORNIA STATE UNIVERSITY, SACRAMENTO, STATE OF CALIFORNIA, and DOE defendants)

49. COOK re-alleges paragraphs 1 through 30 and incorporates them by reference as though fully set forth herein.

50. The Defendants failed to take all reasonable steps necessary to prevent age discrimination and harassment.

51. As a direct and proximate result of the Defendants' acts or omissions, COOK suffered damages including, but not limited to, damage to professional reputation, emotional distress, humiliation, and mental anguish.  COOK is also entitled to an award for attorneys' fees.

### EIGHTH CLAIM FOR RELIEF
### Negligent Hiring, Supervision, Training, and Retention
(California Common Law)
(Against Defendants CALIFORNIA STATE UNIVERSITY, SACRAMENTO, STATE OF CALIFORNIA, and DOE defendants)

52. COOK re-alleges paragraphs 1 through 30 and incorporates them by reference as though fully set forth herein.

53. The Defendants knew or should have known that RAMIREZ was not competent or fit to assess COOK'S candidacy because of previous discriminatory treatment because of race and age, and that there was a particular risk to COOK that he would not be treated fairly and in an unbiased manner.

54. The Defendants failed to recuse RAMIREZ, or otherwise failed to take other reasonable

Law Offices of Johnny L. Griffin III
1010 F Street, Suite 200, Sacramento, CA 95814
(916) 444-5557
www.johnnygriffinlaw.com

Complaint for Employment Discrimination
Booker Cook v. California State University, Sacramento, et al.

13

steps to ensure that COOK'S candidacy was not sabotaged by RAMIREZ'S bias against his race and age. These failure were caused, in part, by Defendants' lack of written procedures regarding recusal in the context of faculty search and hiring committees. Had the defendants acted ordinarily and reasonably, these failures would not have occurred.

55. As a direct and proximate result of the Defendants' acts or omissions, COOK suffered damages including, but not limited to, damage to professional reputation, emotional distress, humiliation, and mental anguish.

## V. PRAYER

WHEREFORE, Plaintiff prays for judgment as follows:

(a) All compensatory general and special damages, according to proof;

(b) For exemplary and punitive damages if authorized by any statute or law;

(c) For reasonable attorney's fees if authorized by any statute or law;

(d) For costs of suit if permitted by law;

(e) For pre-judgment and post-judgment interest if permitted by law; and

(f) Such further relief as the Court deems just or proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury.

Dated: October 14, 2022                              Respectfully submitted,

Johnny L. Griffin, III
Law Offices of Johnny L. Griffin, III
Attorneys for Plaintiff BOOKER COOK

Law Offices of Johnny L. Griffin III
1010 F Street, Suite 200, Sacramento, CA 95814
(916) 444-5557
www.johnnygriffinlaw.com

Complaint for Employment Discrimination
Booker Cook v. California State University, Sacramento, et al.

14

# EXHIBIT C

| | FOR COURT USE ONLY |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SACRAMENTO**<br>STREET ADDRESS:  720 Ninth STREET<br><br>MAILING ADDRESS:  720 Ninth STREET<br><br>CITY AND ZIPCODE:  Sacramento, CA 95814-1311<br><br>BRANCH NAME:    Gordon D Schaber Courthouse<br><br>PHONE NUMBER:    (916) 874-5522 | |

| | |
|---|---|
| **SHORT TITLE:**    Cook vs. California State University, Sacramento | |

| **NOTICE OF CASE MANAGEMENT CONFERENCE**<br>**AND ORDER TO APPEAR** | CASE NUMBER:<br><br>34-2022-00328431-CU-OE-GDS |
|---|---|

**Hearing Date**

The above entitled action has been set for a case management conference at 08:30 AM  on 06/30/2023 in Department  38  in accordance with California Rules of Court 3.722.  You must be familiar with the case and fully prepared to participate effectively in the case management conference.

**Case Management Statement**

All parties must file and serve a case management statement at least 15 calendar days before the case management conference. Parties are encouraged to file a single joint case management statement.

**Minimum Requirements**
Prior to the filing of the case management statement, the parties should have done the following:
   -Served all parties named in the complaint within 60 days after the summons has been issued
   -Ensured that all defendants and cross-defendants have answered, been dismissed, or had their defaults entered
   -Met and conferred with all parties as required by CRC 3.724 to discuss and resolve issues set forth therein.

**Tentative Ruling**
Following its review of the case management statement(s), the court may determine that a case management conference is not necessary.
To determine whether an appearance is required, the parties must check the court's tentative rulings after 2:00 p.m. on the Court day before the Thursday calendar by accessing the court's internet website at www.saccourt.ca.gov/PublicCaseAccess/

**Remote Appearances**
Unless ordered to appear in person by the court, parties may appear remotely either telephonically or by video conference via the Zoom video/audio conference platform with notice to the court and all other parties in accordance with Code of Civil Procedure 367.75. If appearing remotely, parties are required to participate in their hearing using a device that has video and/or audio capability (i.e. computer, smartphone, or tablet).  Although remote participation is not required, the court will presume all parties are appearing remotely for non-evidentiary civil hearings.

**Certification Filed in Lieu of Case Management Statement**
If parties in the action file a certification on a form provided by the court at least 15 calendar days prior to the date of the case management conference that the case is short cause (five hours or less of trial time), that the pleading stage is complete and that the case will be ready for trial within 60 days, the case will be exempted from any further case management requirements and will be set for trial within 60-120 days. The certification shall be filed in lieu of a case management statement.

**Case Management Orders**
At the case management conference, the court will consider whether the case should be ordered to judicial arbitration or referred to other forms of Alternative Dispute Resolution. Whether or not a case management conference is held, the court will issue a case management order shortly after the scheduled conference date.

**Service of Case Management Notice**
Unless otherwise ordered by the court, plaintiff shall serve a copy of this notice on any party to the complaint appearing after the court issued this notice. The cross-complainant shall have the same obligation with respect to the cross-complaint.

**Compliance**
Failure to comply with this notice or to appear at the case management conference may result in the imposition of sanctions (including dismissal of the case, striking of the answer, or payment of money).

**Continuances**
Case management conference will not be continued except on a showing of good cause. If your case management conference is continued on motion or by the court on its own motion all parties shall file and serve a new case management statement at least 15 calendar days before the continued case management conference.

Dated: 10/17/2022

_Kenneth C. Mennemeier, Jr._
_____
Kenneth C. Mennemeier  , Judge of the Superior Court

# EXHIBIT D

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FILED
Superior Court Of California,
Sacramento

10/17/2022

erubiodelrio

By_____, Deputy
Case Number:

**34-2022-00328431**

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*   CALIFORNIA STATE UNIVERSITY, SACRAMENTO;
STATE OF CALIFORNIA; ELVIA RAMIREZ, an individual;
and DOES 1 through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**          Booker Cook
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* | **Sacramento Superior Court**<br>**720 9th Street**<br>**Sacramento, CA 95814** | CASE NUMBER:<br>*(Número del Caso):* |
|---|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Johnny L. Griffin, III; Law Offices of Johnny L. Griffin, III; 1010 F Street, Suite 200; Sacramento, CA 95814; (916) 444-5557

| DATE:<br>*(Fecha)*   **OCT 1 7 2022** | Clerk, by<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)          ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

# EXHIBIT E

FILED
Superior Court Of California,
Sacramento
12/16/2022
jsroute
By_____ , Deputy
Case Number:
34-2022-00328431

1  **LAW OFFICES OF JOHNNY L. GRIFFIN III**
   **JOHNNY L. GRIFFIN, III** (SBN 118694)
2  **MANOLO OLASO** (SBN 195629)
   1010 F Street, Suite 200
3  Sacramento, California 95814
   Telephone: (916) 444-5557
4  Fax: (916) 444-5558
   Email: jgriffin@johnnygriffinlaw.com;
5  molaso@johnnygriffinlaw.com

6
   Attorneys for Plaintiff BOOKER COOK
7

8                    **SUPERIOR COURT OF CALIFORNIA**

9                        **COUNTY OF SACRAMENTO**

10                       **UNLIMITED CIVIL CASE**

11  | | |
    |---|---|
    | BOOKER COOK, an individual, | Case No.: 34-2022-00328431-CU-OE-GDS |
12  | Plaintiff, | **FIRST AMENDED COMPLAINT FOR EMPLOYMENT DISCRIMINATION** |
13  | vs. | |
14  | BOARD OF TRUSTEES OF CALIFORNIA STATE UNIVERSITY; CALIFORNIA STATE UNIVERSITY, SACRAMENTO; STATE OF CALIFORNIA; ELVIA RAMIREZ, an individual; and DOES 1 through 50, inclusive, | 1. Racial discrimination/harassment (Title VII) 2. Racial discrimination/harassment (California FEHA) 3. Failure to Prevent Racial Discrimination/Harassment (Cal. FEHA; Govt. Code §12940 (k)) |
15  | | |
16  | Defendants. | 4. Age Discrimination/Harassment/Retaliation (ADEA; 29 U.S.C. §621, *et seq.*) |
17  | | 5. Age Discrimination/Retaliation (Cal. FEHA; Govt. Code §12940 (a) and (h)) |
18  | | 6. Harassment because of Age (Cal. FEHA; Govt. Code §12940 (j)(1)) |
19  | | 7. Failure to Prevent Age Discrimination/Harassment (Cal. FEHA; Govt. Code §12940 (k)) |
20  | | 8. Negligent Hiring, Supervision, Training, and Retention |
21  | | |
22  | | **DEMAND FOR JURY TRIAL** |
23
24
25

Law Offices of Johnny L. Griffin III
1010 F Street, Suite 200, Sacramento, CA 95814
(916) 444-5557
www.johnnygriffinlaw.com

First Amended Complaint for Employment Discrimination
Booker Cook v. Board of Trustees of California State University, et al.

1

The Plaintiff complains and alleges as follows:

## I. JURISDICTION/VENUE

1. This Complaint seeks, inter alia, damages that exceed $50,000.00 and is based upon events, acts, and/or omissions that occurred within the County of Sacramento. This is an unlimited civil case. Jurisdiction and venue is thus proper in the Superior Court of California for the County of Sacramento.

## II. PARTIES

2. Plaintiff BOOKER COOK is an adult male. At all times described herein, he was an employee with the BOARD OF TRUSTEES OF CALIFORNIA STATE UNIVERSITY, CALIFORNIA STATE UNIVERSITY, SACRAMENTO and STATE OF CALIFORNIA, within the meaning of Title VII of the 1964 Civil Rights Act (42 U.S.C. section 2000e et seq.), the Age Discrimination in Employment Act (29 U.S.C. §§621-634), and California's Fair Employment and Housing Act (Cal. Govt. Code section 12900 et seq.), and working within the course and scope of his employment.

3. Defendant BOARD OF TRUSTEES OF CALIFORNIA STATE UNIVERSITY (BOARD) is a California public entity that operates and administers multiple college/university campuses in the CALIFORNIA STATE UNIVERSITY system. At all times described herein, the BOARD is an employer within the meaning of Title VII of the 1964 Civil Rights Act (42 U.S.C. section 2000e et seq.), the Age Discrimination in Employment Act (29 U.S.C. §§621-634), and California's Fair Employment and Housing Act (Cal. Govt. Code section 12900 et seq.).

4. Defendant CALIFORNIA STATE UNIVERSITY, SACRAMENTO (CSUS) is a California public entity (university) that operates a campus in Sacramento, California, and offers

Law Offices of Johnny L Griffin III
1010 F Street, Suite 200, Sacramento, CA 95814
(916) 444-5557
www.johnnygriffinlaw.com

First Amended Complaint for Employment Discrimination
Booker Cook v. Board of Trustees of California State University, et al.

2

undergraduate and graduates degrees.  CSUS employs in excess of 4,000 employees.  At all times described herein, CSUS is an employer within the meaning of Title VII of the 1964 Civil Rights Act (42 U.S.C. section 2000e et seq.), the Age Discrimination in Employment Act (29 U.S.C. §§621-634), and California's Fair Employment and Housing Act (Cal. Govt. Code section 12900 et seq.).

5.  Defendant STATE OF CALIFORNIA is part of the United States of America and is an entity that may be sued in Superior Court. At all times described herein, the STATE OF CALIFORNIA was an employer within the meaning of Title VII of the 1964 Civil Rights Act (42 U.S.C. section 2000e et seq.), the Age Discrimination in Employment Act (29 U.S.C. §§621-634), and California's Fair Employment and Housing Act (Cal. Govt. Code section 12900 et seq.).

6.  Defendant ELVIA RAMIREZ is an adult female.  At all times described herein, she was an employee with the BOARD, CSUS, and STATE OF CALIFORNIA within the meaning of Title VII of the 1964 Civil Rights Act (42 U.S.C. section 2000e et seq.), the Age Discrimination in Employment Act (29 U.S.C. §§621-634), and California's Fair Employment and Housing Act (Cal. Govt. Code section 12900 et seq.), and working within the course and scope of employment.  She is sued in her official capacity and in her individual capacity.

7.  The true names and identities of defendants DOES 1 through 50 are presently unknown to Plaintiff.  Plaintiff hereby uses the fictitious name DOE to designate these defendants. Plaintiff alleges that the DOE defendants, and each of them, is legally responsible for the incident, injuries and damages set forth here, and that each of said DOE defendants proximately caused said incident, injuries and damages by reason of their negligence, breach

Law Offices of Johnny L. Griffin III
1010 F Street, Suite 200; Sacramento, CA 95814
(916) 444-5557
www.johnnygriffinlaw.com

First Amended Complaint for Employment Discrimination
Booker Cook v. Board of Trustees of California State University, et al.

3

of duty, negligent supervision, management or control or by reason of other personal, vicarious or imputed negligence, fault, or breach of duty, whether based upon agency, employment, or control, whether severally or jointly, or upon any other act or omission. Plaintiff will seek to amend this complaint as soon as the true names and identities of the DOE defendants have been ascertained.

8. Each of the defendants, including DOES 1 through 50, caused, and is legally responsible for, the incident, unlawful conduct, injuries and damages alleged herein by personally participating in the unlawful conduct, or acting jointly or conspiring with others to act, by authorizing or allowing, explicitly or implicitly, acts or omissions that led to the unlawful conduct, by failing to take action to prevent the unlawful conduct, and by ratifying the unlawful conduct that occurred.

9. Plaintiff is informed and believes and thereon alleges that at all times mentioned in this complaint, defendants, and each of them, were the agents, employees, servants, joint ventures, partners and/or co-conspirators of the other defendants named in this complaint and that at all times, each of the defendants were acting within the course and scope of said relationship with other defendants.

**III. EXHAUSTION OF ADMINISTRATIVE REMEDIES**

10. Under California Government Code §815.2, subd. (a), the BOARD, CSUS, and the STATE OF CALIFORNIA are vicariously liable for injuries proximately caused by the acts and/or omissions of their employees. Under California Government Code §820, subd. (a), the individual(s) sued here is/are liable for injuries caused by their acts and/or omissions to the same extent as a private person.

Law Offices of Johnny L. Griffin III
1010 F Street, Suite 200, Sacramento, CA 95814
(916) 444-5557
www.johnnygriffinlaw.com

First Amended Complaint for Employment Discrimination
Booker Cook v. Board of Trustees of California State University, et al.

4

11. The CSUS Office for Equal Opportunity (OEO) offers an internal grievance procedure for employees complaining about race and age discrimination. The internal grievance procedure includes assignment of an investigator, witness interviews, a written fact-finding process, and reply and appeal process. The internal grievance procedure is designed to provide relief to a complainant by eliminating discrimination from the complainant's workplace. On or about August 23, 2021, BOOKER COOK (COOK), filed a complaint with the OEO complaining of the same race and age discrimination, harassment, and retaliation alleged here. The OEO opened an investigation, which included taking statements from witnesses. In a May 10, 2022, notice of right to appeal, the OEO advised COOK that it had found no violation, and that he had a right to appeal to the California State University Office of the Chancellor. The OEO found no violation despite COOK presenting evidence that Ramirez made biased comments about his age and race. On or about May 23, 2022, COOK submitted his appeal. On or about June 13, 2022, the Office of the Chancellor advised COOK that his appeal submission was dismissed.

12. Plaintiff dual-filed a complaint with the Equal Employment Opportunity Commission (EEOC) and the California Department of Fair Employment and Housing (DFEH) on or about July 20, 2022 alleging race and age discrimination. On or about July 21, 2022, plaintiff received notices of right to sue from both the EEOC and the DFEH.

## IV. FACTUAL ALLEGATIONS

13. The plaintiff, BOOKER COOK (COOK) is a 72 year-old African American man who is currently employed as a lecturer with the CSUS Ethnic Studies Department (the Department). The Department is part of the CSUS College of Social Sciences and Interdisciplinary Studies. The Department includes a number of programs and areas of study

Law Offices of Johnny L Griffin III
1010 F Street, Suite 200, Sacramento, CA 95814
(916) 444-5557
www.johnnygriffinlaw.com

First Amended Complaint for Employment Discrimination
Booker Cook v. Board of Trustees of California State University, et al.

5

including Ethnic Studies, Pan African Studies, Native American Studies, ChicanX/LatinX Studies, and Asian American Studies. COOK has been a lecturer at CSUS in Ethnic Studies since August 23, 2017. He holds a master's degree in Ethnic Studies, and in December 2020 he earned a doctorate in Educational Leadership and Policy Studies.

14. ELVIA RAMIREZ (RAMIREZ) is a tenured professor at CSUS, in the Ethnic Studies Department, and is the Director of the ChicanX/Latinx Studies Program. RAMIREZ engaged in a pattern of harassment against COOK that turned his work environment hostile on the basis of race and age. RAMIREZ also discriminated and retaliated against COOK during a faculty hiring process.

## Allegations regarding Hostile Work Environment (Race and Age)

15. For example, in November 2019, at a Department faculty meeting, COOK overheard RAMIREZ say COOK's name and ask the former Department Chair, Boatamo Mosupyoe (Mosupyoe) why they hired that "old, Black man" who did not represent the student body. RAMIREZ complained that they should not be hiring all of these Black men, especially an old one like COOK. RAMIREZ'S purpose in making these comment was to undermine COOK and to subject him to contempt and ridicule in the eyes of the Department Chair. RAMIREZ'S motivation was her bias against COOK's race and age.[1] Immediately after hearing RAMIREZ'S comment, COOK asked Mosupyoe to explain why RAMIREZ talked about him like that. Mosupyoe declined to talk about it.

---

[1] On February 21, 2021, COOK filed a complaint against Ramirez with the CSUS Office of Equal Opportunity complaining about the November 2019 incident in which Ramirez called COOK an "old, Black man" that should not be hired. COOK also referred to the October 30, 2020 email that Ramirez sent to Chair Annette Reed in which she singled out COOK.

Law Offices of Johnny L. Griffin III
1010 F Street, Suite 200; Sacramento, CA 95814
(916) 444-5557
www.johnnygriffinlaw.com

First Amended Complaint for Employment Discrimination
Booker Cook v. Board of Trustees of California State University, et al.

6

16. In another example, on October 30, 2020, RAMIREZ harassed COOK because of his race and age by questioning his motives in engaging in a discussion with other California State University faculty regarding the implementation of a recently passed legislative initiative.

17. Specifically, in an email to the CSUS Department of Ethnic Studies Chair, Annette Reed, RAMIREZ called for a Department-wide discussion of COOK's comments that were allegedly biased. RAMIREZ'S purpose in sending the email was to undermine COOK in the eyes of the Department Chair and to subject him to contempt, ridicule, and possible discipline.

18. RAMIREZ knew that the Department Chair was COOK's supervisor, and could also potentially serve as COOK's evaluator when it came time to promote or hire. In other words, RAMIREZ wanted Reed to view COOK in a negative light in order to impair his reputation and harm his promotion ability, RAMIREZ sent the email to negatively affect COOK because of her bias against his race and age.

19. On November 3, 2020, COOK filed a complaint against RAMIREZ with the CSUS OEO. COOK complained that RAMIREZ was discriminating against him and harassing because of his race and age. COOK cited to RAMIREZ'S October 30, 2020 email to Department Chair Reed as an example. COOK referenced RAMIREZ'S November 2019 comments about him being hired as an old, Black lecturer who does not represent the student body. COOK also cited instances of RAMIREZ'S hostility towards Black people: RAMIREZ criticized the Department for hiring too many Black faculty; RAMIREZ treats Black faculty with hostility because of race.

20. On February 21, 2021, COOK filed another complaint against RAMIREZ with the CSUS OEO complaining that she was discriminating against him and harassing him because of his

Law Offices of Johnny L. Griffin III
1010 F Street, Suite 200; Sacramento, CA 95814
(916) 444-5557
www.johnnygriffinlaw.com

race and age and cited her email to the Department Chair and her comment that he was
spewing hatred.

## Allegations regarding Discrimination and Retaliation (Race and Age)

21. In August 2020, California Assembly Bill 1460 (AB 1460) was signed into law. It requires
all California State University undergraduates to take one 3-unit course in Ethnic Studies in
order to graduate. Qualifying courses include Native American Studies, African American
Studies, Asian American Studies, and ChicanX/LatinX Studies.

22. At CSUS, after AB 1460 passed, the Department announced that two tenure-track positions
would be hired, one for Pan African Studies (PAS) and one for Asian American Studies
(AAS). This announcement was made in December 2020 in a Department faculty Zoom
(online) meeting.

23. A five-member PAS faculty search committee was formed via election. The members
included the following: search committee Chair Ricky Green (Director of PAS), Andrea
Moore, Brian Baker (Director of Native American Studies), Julie Figueroa, and Annette
Reed (Chair of the Department). Julie Figueroa withdrew from the committee for personal
reasons after the committee had already drafted the job description, minimum job
qualifications, and preferred job qualifications. The BOARD, CSUS, and STATE OF
CALIFORNIA delegated its hiring authority to this search committee. When the committee
rejected a candidate, they did so on behalf of the BOARD, CSUS, and the STATE OF
CALIFORNIA, pursuant to the grant of authority.

24. After Julie Figueroa stepped down, RAMIREZ insisted that she be placed on the search
committee. RAMIREZ'S motivation in joining the search committee was to have a hand in
preventing the hiring of old, Black men, like COOK. In addition, because it was common

Law Offices of Johnny L. Griffin III
1010 F Street, Suite 200, Sacramento, CA 95814
(916) 444-5557
www.johnnygriffinlaw.com

First Amended Complaint for Employment Discrimination
Booker Cook v. Board of Trustees of California State University, et al.

8

for existing lecturers to apply for tenure-track faculty positions, RAMIREZ knew, or knew it was highly likely, that COOK would apply for the position.

25. RAMIREZ'S motivation for getting on the search committee was to make sure COOK did not get a tenure-track faculty position. The other committee members thought it was odd that RAMIREZ insisted on being on the PAS search committee because a four-member search committee was still properly constituted, RAMIREZ was coming on after the job description and qualifications had already been written, and although RAMIREZ explained that the PAS search committee should have representation from the ChicanX/LatinX program, she did not express similar concerns regarding the AAS search committee. RAMIREZ'S explanation was pre-text for her real reason: to sabotage COOK's candidacy, to retaliate against him for complaining about her past discriminatory conduct, and to prevent other old, Black men from getting hired.

26. COOK submitted his application to the search committee for the tenure-track professorship in the Pan African Studies Program in February 2021. He had already been a lecturer in Pan African Studies courses when he submitted his application. The search committee, upon receiving COOK's application was already aware that COOK had complained of RAMIREZ'S discrimination and harassment of him because of his race and age. The search committee did not ask RAMIREZ to recuse herself from considering COOK's candidacy. There were no procedural rules to guide the search committee on how to handle recusals.

27. The search committee fielded applications from 40 applicants for the professorship in PAS. Each committee member rated each applicant in eight categories.

28. Then, in March 2021, in an online committee meeting, each member brought their top candidates list with them and compared their lists. Some members had a list of six candidates; others had a list of eight. RAMIREZ had a list of ten. COOK was a top candidate on everyone's list except RAMIREZ'S. COOK was not a top candidate on

Law Offices of Johnny L. Griffin III
1010 F Street, Suite 200; Sacramento, CA 95814
(916) 444-5557
www.johnnygriffinlaw.com

First Amended Complaint for Employment Discrimination
Booker Cook v. Board of Trustees of California State University, et al.

9

RAMIREZ'S list because of her bias against him because of his race and age, and not because he did not deserve a high rating.

29. The other committee members (Green, Baker, Moore, Reed) had rated COOK highly and had placed his name on their respective top candidates list. These members were surprised that RAMIREZ had not included COOK on her top candidates list. Despite high ratings, COOK was not chosen to participate in an interview. The search committee chair, Ricky Green, reasoned that because COOK did not appear on everyone's top list, he was not offered an interview.

30. Had COOK appeared on everyone's top list, Green reasoned, COOK would have been granted an interview. In other words, but for RAMIREZ'S failure to put COOK's name on her top candidates list, COOK would have been allowed to continue competing for the job in an interview.

31. Instead of putting COOK's name on the interview list, the committee decided to put his name on an alternate list which would be used in the event one of the top candidates withdrew from the interview process. One or more search committee members was influenced by RAMIREZ'S race and age bias to avoid putting COOK's name on their top candidates list because RAMIREZ could later become their evaluator if they became candidates for a full professor position. In other words, to appease RAMIREZ for fear of drawing her retaliation if they submitted their candidacy for a full professorship, one or more search committee members allowed RAMIREZ'S race and age bias against COOK to influence their decision to not offer COOK an interview, or demand RAMIREZ'S recusal from consideration of COOK's candidacy.

## V. CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**Racial Discrimination/Harassment**
(Title VII of the 1964 Civil Rights Act; 42 U.S.C. 2000e, et seq.)

Law Offices of Johnny L. Griffin III
1010 F Street, Suite 200; Sacramento, CA 95814
(916) 444-5557
www.johnnygriffinlaw.com

First Amended Complaint for Employment Discrimination
Booker Cook v. Board of Trustees of California State University, et al.

10

(Against Defendants BOARD OF TRUSTEES OF CALIFORNIA STATE UNIVERSITY; CALIFORNIA STATE UNIVERSITY, SACRAMENTO; STATE OF CALIFORNIA; and DOE defendants)

32. COOK re-alleges paragraphs 1 through 31 and incorporates them by reference as though fully set forth herein.

33. The acts and/or omissions of the Defendants alleged herein, including failure to offer him an interview and the creation and maintenance of a racially hostile work environment which constitutes racial discrimination in violation of COOK'S rights under Title VII of the 1964 Civil Rights Acts (42 U.S.C. §§2000e, et seq.).

34. As a direct and proximate result of the Defendants' acts or omissions, COOK suffered damages including, but not limited to, damage to professional reputation, emotional distress, humiliation, and mental anguish. COOK is also entitled to an award for attorneys' fees.

### SECOND CLAIM FOR RELIEF
### Racial Discrimination/Harassment
(California Fair Employment and Housing Act (FEHA); Govt. Code §12900, et seq.)
(Against Defendants BOARD OF TRUSTEES OF CALIFORNIA STATE UNIVERSITY; CALIFORNIA STATE UNIVERSITY, SACRAMENTO; STATE OF CALIFORNIA; and DOE defendants)

35. COOK re-alleges paragraphs 1 through 31 and incorporates them by reference as though fully set forth herein.

36. The acts and/or omissions of the Defendants alleged herein, including failure to offer him an interview and the creation and maintenance of a racially hostile work environment which constitutes racial discrimination in violation of COOK'S rights under the California Fair Employment and Housing Act (Govt. Code §12900, et seq.).

37. As a direct and proximate result of the Defendants' acts or omissions, COOK suffered damages including, but not limited to, damage to professional reputation, emotional distress, humiliation, and mental anguish. COOK is also entitled to an award for attorneys' fees.

Law Offices of Johnny L. Griffin III
1010 F Street, Suite 200; Sacramento, CA 95814
(916) 444-5557
www.johnnygriffinlaw.com

First Amended Complaint for Employment Discrimination
Booker Cook v. Board of Trustees of California State University, et al.

11

**THIRD CLAIM FOR RELIEF**
**Failure to Prevent Racial Discrimination/Harassment/Retaliation**
(California Fair Employment and Housing Act (FEHA); Govt. Code §12940 (k))
(Against Defendants BOARD OF TRUSTEES OF CALIFORNIA STATE UNIVERSITY;
CALIFORNIA STATE UNIVERSITY, SACRAMENTO; STATE OF CALIFORNIA; and DOE
defendants)

38. COOK re-alleges paragraphs 1 through 31 and incorporates them by reference as though

fully set forth herein.

39. The Defendants failed to take all reasonable steps necessary to prevent racial discrimination,

harassment, and retaliation.

40. As a direct and proximate result of the Defendants' acts or omissions, COOK suffered

damages including, but not limited to, damage to professional reputation, emotional distress,

humiliation, and mental anguish.  COOK is also entitled to an award for attorneys' fees.

**FOURTH CLAIM FOR RELIEF**
**Age Discrimination/Harassment/Retaliation**
(Age Discrimination in Employment Act (ADEA); 29 U.S.C. §621, *et seq.*)
(Against Defendants BOARD OF TRUSTEES OF CALIFORNIA STATE UNIVERSITY;
CALIFORNIA STATE UNIVERSITY, SACRAMENTO; STATE OF CALIFORNIA; and DOE
defendants)

41. COOK re-alleges paragraphs 1 through 31 and incorporates them by reference as though

fully set forth herein.

42. The acts and/or omissions of the Defendants alleged herein created and maintained a

racially hostile work environment which constitutes racial discrimination and retaliation in

violation of COOK'S rights under Title VII of the 1964 Civil Rights Acts (42 U.S.C.

§§2000e, et seq.).

43. As a direct and proximate result of the Defendants' acts or omissions, COOK suffered

damages including, but not limited to, damage to professional reputation, emotional distress,

humiliation, and mental anguish.  COOK is also entitled to an award for attorneys' fees.

First Amended Complaint for Employment Discrimination
Booker Cook v. Board of Trustees of California State University, et al.

12

Law Offices of Johnny L. Griffin III
1010 F Street, Suite 200; Sacramento, CA 95814
(916) 444-5557
www.johnnygriffinlaw.com

**FIFTH CLAIM FOR RELIEF**
**Age Discrimination/Retaliation**
(California Fair Employment and Housing Act (FEHA); Govt. Code §12940 (a) and (h))
(Against Defendants BOARD OF TRUSTEES OF CALIFORNIA STATE UNIVERSITY;
CALIFORNIA STATE UNIVERSITY, SACRAMENTO; STATE OF CALIFORNIA; and DOE
defendants)

44. COOK re-alleges paragraphs 1 through 31 and incorporates them by reference as though

fully set forth herein.

45. The Defendants intentionally discriminated and retaliated against COOK because of his age,

COOK'S failure to advance in the professor selection process occurred despite him being

well-qualified for the job.

46. As a direct and proximate result of the Defendants' acts or omissions, COOK suffered

damages including, but not limited to, damage to professional reputation, emotional distress,

humiliation, and mental anguish. COOK is also entitled to an award for attorneys' fees.

**SIXTH CLAIM FOR RELIEF**
**Harassment because of Race and Age**
(California Fair Employment and Housing Act (FEHA); Govt. Code §12940 (j)(1))
(Against all Defendants and DOE defendants)

47. COOK re-alleges paragraphs 1 through 31 and incorporates them by reference as though

fully set forth herein.

48. RAMIREZ, individually and officially on behalf of the BOARD, CSUS, and the STATE OF

CALIFORNIA, intentionally harassed COOK because of his race and age. COOK's work

environment was permanently altered and became hostile.

49. As a direct and proximate result of harassment, COOK suffered damages including,

but not limited to, damage to professional reputation, emotional distress, humiliation, mental

anguish, and punitive damages. COOK is also entitled to an award for attorneys' fees.

**SEVENTH CLAIM FOR RELIEF**
**Failure to Prevent Racial Discrimination/Harassment**

Law Offices of Johnny L. Griffin III
1010 F Street, Suite 200, Sacramento, CA 95814
(916) 444-5557
www.johnnygriffinlaw.com

First Amended Complaint for Employment Discrimination
Booker Cook v. Board of Trustees of California State University, et al.

13

(California Fair Employment and Housing Act (FEHA); Govt. Code §12940 (k))
(Against Defendants BOARD OF TRUSTEES OF CALIFORNIA STATE UNIVERSITY;
CALIFORNIA STATE UNIVERSITY, SACRAMENTO; STATE OF CALIFORNIA; and DOE
defendants)

50. COOK re-alleges paragraphs 1 through 31 and incorporates them by reference as though

fully set forth herein.

51. The Defendants failed to take all reasonable steps necessary to prevent age discrimination

and harassment.

52. As a direct and proximate result of the Defendants' acts or omissions, COOK suffered

damages including, but not limited to, damage to professional reputation, emotional distress,

humiliation, and mental anguish.  COOK is also entitled to an award for attorneys' fees.

**EIGHTH CLAIM FOR RELIEF**
**Negligent Hiring, Supervision, Training, and Retention**
(California Common Law)
(Against Defendants BOARD OF TRUSTEES OF CALIFORNIA STATE UNIVERSITY;
CALIFORNIA STATE UNIVERSITY, SACRAMENTO; STATE OF CALIFORNIA; and DOE
defendants)

53. COOK re-alleges paragraphs 1 through 31 and incorporates them by reference as though

fully set forth herein.

54. The Defendants knew or should have known that RAMIREZ was not competent or fit to

assess COOK'S candidacy because of previous discriminatory treatment because of race and

age, and that there was a particular risk to COOK that he would not be treated fairly and in

an unbiased manner.

55. The Defendants failed to recuse RAMIREZ, or otherwise failed to take other reasonable

steps to ensure that COOK'S candidacy was not sabotaged by RAMIREZ'S bias against his

race and age.  These failure were caused, in part, by Defendants' lack of written procedures

regarding recusal in the context of faculty search and hiring committees.  Had the

Law Offices of Johnny L Griffin III
1010 F Street, Suite 200; Sacramento, CA 95814
(916) 444-5557
www.johnnygriffinlaw.com

defendants acted ordinarily and reasonably, these failures would not have occurred.

56. As a direct and proximate result of the Defendants' acts or omissions, COOK suffered

damages including, but not limited to, damage to professional reputation, emotional distress,

humiliation, and mental anguish.

## V. PRAYER

WHEREFORE, Plaintiff prays for judgment as follows:

(a) All compensatory general and special damages, according to proof;

(b) For exemplary and punitive damages if authorized by any statute or law;

(c) For reasonable attorney's fees if authorized by any statute or law;

(d) For costs of suit if permitted by law;

(e) For pre-judgment and post-judgment interest if permitted by law; and

(f) Such further relief as the Court deems just or proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury.

Dated: December 16, 2022                    Respectfully submitted

Johnny L. Griffin, III
Law Offices of Johnny L. Griffin, III
Attorneys for Plaintiff BOOKER COOK

Law Offices of Johnny L. Griffin III
1010 F Street, Suite 200; Sacramento, CA 95814
(916) 444-5557
www.johnnygriffinlaw.com

First Amended Complaint for Employment Discrimination
Booker Cook v. Board of Trustees of California State University, et al.

15

**EXHIBIT F**

FILED
~~Superior Court of California,~~
Sac~~RAMENTO~~ (SUSO DE LA CORTE)

12/22/2022
jsroufe

By _____ , Deputy
Case Number:
**34-2022-00328431**

**SUM-100**

## SUMMONS for First Amended Complaint
### (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

BOARD OF TRUSTEES OF CALIFORNIA STATE UNIVERSITY;
CALIFORNIA STATE UNIVERSITY, SACRAMENTO;
STATE OF CALIFORNIA; ELVIA RAMIREZ, an individual;
and DOES 1 through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**     **Booker Cook**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: **Sacramento Superior Court**<br>*(El nombre y dirección de la corte es):*     720 9th Street<br>Sacramento, CA 95814 | CASE NUMBER:<br>*(Número del Caso):*<br>**34-2022-00328431-CU-OE-GDS** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Johnny L. Griffin, III; Law Offices of Johnny L. Griffin, III; 1010 F Street, Suite 200; Sacramento, CA, 95814; (916) 444-6557

| DATE:<br>*(Fecha)* | **DEC 2 2 2022** | Clerk, by<br>*(Secretario)* _____ | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

# EXHIBIT G

{01732159.DOCX}

FILED
Superior Court Of California,
Sacramento
02/14/2023
bprasadt
By_____, Deputy
Case Number:
34-2022-00328431

BY FAX

**PORTER | SCOTT**
A PROFESSIONAL CORPORATION
Carl L. Fessenden, SBN 161494
David R. Norton, SBN 291448
Larissa C. Celaya, SBN 332882
350 University Avenue, Suite 200
Sacramento, California 95825
TEL: 916.929.1481
FAX: 916.927.3706
EMAIL: cfessenden@porterscott.com
dnorton@porterscott.com
lcelaya@porterscott.com

Attorneys for Defendant ELVIA RAMIREZ

*Exempt from Filing Fees Pursuant to Government Code § 6103*

### SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO

| | |
|---|---|
| BOOKER COOK, an individual, | **CASE NO.: 34-2022-00328431-CU-OE-GDS** |
| Plaintiff, | |
| v. | **DEFENDANT ELVIA RAMIREZ'S ANSWER TO FIRST AMENDED COMPLAINT** |
| CALIFORNIA STATE UNIVERSITY, SACRAMENTO; STATE OF CALIFORNIA; ELVIA RAMIREZ, an individual; and DOES 1 through 50, inclusive, | |
| Defendants. | Complaint Filed: 10/14/2022 |
| | First Amended Complaint Filed: 12/16/2022 |

Defendant ELVIA RAMIREZ answers the First Amended Complaint ("Complaint") of Plaintiff BOOKER COOK as follows:

### I.

### GENERAL DENIAL

Defendant denies generally and specifically each allegation of the Complaint and denies Plaintiff was or will be damaged in any sum whatsoever.

### II.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint, in its entirety and through each separately stated cause of action, fails to state facts

{4889-4742-4077}
1

DEFENDANT ELVIA RAMIREZ'S ANSWER TO FIRST AMENDED COMPLAINT

sufficient to constitute a viable cause of action against this answering Defendant.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part and any damages are subject to reduction because Plaintiff failed to mitigate his damages, if any.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred to the extent Plaintiff failed to timely submit his Complaint to, and/or fully exhaust his administrative remedies with, the Department of Fair Employment and Housing and Equal Employment Opportunity Commission.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent he failed to fully and/or timely exhaust internal administrative remedies made available to him.

## FIFTH AFFIRMATIVE DEFENSE

At all times, Defendant acted in good faith, without malice, and took any and all actions for legitimate, non-discriminatory reasons.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of consent, waiver, laches, estoppel, and unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of res judicata and collateral estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's harassment claim against Defendant is barred by the avoidable consequences doctrine.

## III.

## PRAYER

**WHEREFORE**, Defendant prays for judgment as follows:

1.    That Plaintiff's action be dismissed;

2.    That Plaintiff take nothing by way of his Complaint;

3.    That Defendant be awarded its costs of suit including attorney's fees; and

4.    For such other relief as the Court deems just and proper.

1    Dated: February 14, 2023

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PORTER SCOTT
A PROFESSIONAL CORPORATION


By _____
           Carl L. Fessenden
           David R. Norton
           Larissa C. Celaya
           Attorneys for Defendant ELVIA RAMIREZ

**DEFENDANT ELVIA RAMIREZ'S ANSWER TO FIRST AMENDED COMPLAINT**

**CASE NAME:** *Booker Cook v. California State University, Sacramento, et al.*
**CASE NO.: 34-2022-00328431-CU-OE-GDS**

## PROOF OF SERVICE

I am a resident of the United States and of the County, of Sacramento, California.  I am over the age of eighteen years and not a party to the within above-entitled action.  My business address is 350 University Avenue, Suite 200, Sacramento, California.

I am familiar with this Company's practice whereby the mail, after being placed in a designated area, is given the appropriate postage and is deposited in a U.S. mailbox in the City of Sacramento, California, after the close of the day's business.

That on the date below, I served the following: **DEFENDANT ELVIA RAMIREZ'S ANSWER TO FIRST AMENDED COMPLAINT** on all parties in the said action as addressed below by causing a true copy thereof to be served:

| | |
|---|---|
| ✓ | **BY MAIL:**  I placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with this business' practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. □ Certified Mail/Return Receipt Requested, Article # |
| | **BY PERSONAL SERVICE:**  I caused such document to be personally delivered to the person(s) addressed below.  (1)  For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, between the hours of nine in the morning and five in the evening.  (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening. |
| | **BY OVERNIGHT DELIVERY:**  I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the person(s) listed below. I placed the envelope or package for collection and overnight delivery at my office or a regularly utilized drop box of the overnight delivery carrier. |
| | **BY ELECTRONIC SERVICE**: Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification address listed below. |

Addressed as follows:

Johnny L. Griffin, III (SBN 118694)
Manolo Olaso (SBN 195629)
Law Offices of Johnny L. Griffin, III
1010 F Street, suite 200
Sacramento, CA 95814
jgriffin@johnnygriffinlaw.com
molaso@johnnygriffinlaw.com

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed at Sacramento, California on February 14, 2023.

_____
*April Bybee*
April Bybee

**DEFENDANT ELVIA RAMIREZ'S ANSWER TO FIRST AMENDED COMPLAINT**